IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

ADAM WEST and BETHANY WEST,

        Plaintiffs,

v.                               CIVIL ACTION NO. 3:13-20989

NATIONSTAR MORTGAGE, LLC
f/k/a CENTREX HOME EQUITY COMPANY,
and JEFFREY S. MOORE,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Plaintiffs' motion for fees and costs incurred as a result of removal (ECF No. 27). Federal law provides that "[a]n order remanding the case *may* require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c) (emphasis added). As explained by the United States Supreme Court, "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Applying that standard to the instant case, the Court finds that an objectively reasonable basis for removal existed—namely, Plaintiffs originally sued the incorrect appraiser, such that the appraiser's inclusion in the lawsuit constituted fraudulent joinder. Mem. Op. & Order 6, ECF No. 24 ("The Court finds that Mr. Greenlee was fraudulently joined to the Complaint and that removal was therefore proper.").

Because there was an objectively reasonable basis for removal, Plaintiffs cannot be awarded fees and costs associated with removal.

Plaintiffs accuse Defendant Nationstar of filing a "frivolous objection to Plaintiffs' Motion to Remand." Pls.' Reply, ECF No. 30. However, even if the Court were inclined to agree with that assertion, Plaintiffs are nonetheless foreclosed from collecting fees and costs because the original removal was reasonable. Plaintiffs included no legal argument in their motion, apparently construing this Court's direction to file affidavits specifying fees and costs to mean that they should not file a more complete motion in support of fees. Even after Defendant presented legal argument in its Response, Plaintiffs presented no legal argument in their Reply, instead stating that they "remain prepared to file a full motion for fees with supporting exhibits should this Court deem it necessary." Pls.' Reply 1 n.1. It is unclear to the Court why Plaintiffs did not present legal argument in their Reply when they were apparently prepared to do so. Regardless, the Court does not believe that Plaintiffs are entitled to an award of fees and costs, for the reasons explained above. Therefore, Plaintiffs' motion for fees and costs is **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented parties.

ENTER: May 20, 2014

ROBERT C. CHAMBERS, CHIEF JUDGE